UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORIGA
VALDOSTA DIVISION

| | |
|---|---|
| ADRIANNE BOWDEN On Behalf of HERSELF and All Others Similarly Situated, | ) ) ) ) COLLECTIVE ACTION ) |
| Plaintiff, | ) CASE NO. _____ |
| v. | ) ) |
| GHHS HEALTHCARE, LLC, d/b/a GEORGIA HOME HEALTH SERVICES, | ) ) ) |
| Defendant. | ) |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1. Plaintiff, Adrianne Bowden, brings this collective action lawsuit on behalf of herself and all those similarly situated against GHHS Healthcare, LLC, d/b/a Georgia Home Health Services (collectively, "Defendant"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

2. Plaintiff alleges that she regularly worked more than forty hours per week without receiving overtime pay, in violation of the FLSA.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claim because it is brought pursuant to the FLSA, 29 U.S.C. § 216(b), and raises a federal question pursuant to 28 U.S.C. § 1331.

4. Venue is proper under 28 U.S.C. § 1391 because Defendant is headquartered in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

1

5.  Venue in this division is proper, pursuant to Local Rule 3.4, because Plaintiff resides in the Valdosta Division of this judicial district of Georgia.

## PARTIES

6.  Plaintiff is an individual residing in Thomasville, Thomas County, Georgia.

7.  Defendant GHHS' principal place of business is located at 4380 Kings Way, Valdosta, Georgia, 31602 (the "Valdosta office"). *See* Exhibit A. Defendant operates facilities within the Middle District of Georgia, including facilities located in Nashville and Tifton, Georgia, during the time that claims herein arose.

8.  Defendant employs individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce or are engaged in handling, receiving, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce.

## FACTS

9.  Plaintiff worked for Defendant as a Medical Social Worker ("MSW") from approximately October 2016 through approximately June 2017.

10. As a MSW for Defendant, Plaintiff conducted home visits to patients receiving home care from Defendants. Plaintiff worked for Defendant out of both its Valdosta, Georgia office, and its Nashville, Georgia office, providing home health care to GHHS' clients.

11. As a MSW, Plaintiff was responsible for travelling to patients' homes, providing home health care to homebound patients, completing all necessary visit related documentation and other required paperwork, communicating by phone and email with patients and other health care providers, attending meetings as dictated by GHHS and performing other duties necessary to perform her job.

12. Defendant paid Plaintiff and other home health workers a fee for each patient visit according to a fee schedule. For example, Plaintiff earned a set fee of $65 for conducting each patient evaluation visit and of $40 for conducting each patient routine visit. *See* Exhibit B. This pay structure was memorialized in writing by GHHS. *See* Exhibit C.

13. Defendant also paid Plaintiff and other home health workers on an hourly basis for time spent attending regular staff meetings, in-service training, and required office time. The amounts of such payments were tied to the duration of the meetings, trainings and time spent in the office. *See* Exhibit C.

14. Plaintiff was paid on the same "per visit" basis when she worked out of the Valdosta, Georgia office, as when she was working out of the Nashville, Georgia office.

15. Plaintiff and other home health workers often work over 40 hours per week. For example, Plaintiff typically worked between 50 and 60 hours per week.

16. Defendant did not pay Plaintiff and other home health workers overtime premium compensation for hours worked over 40 per week.

17. In failing to pay proper overtime compensation to Plaintiff and other home health workers, Defendant acted knowingly and with reckless disregard of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff asserts her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following potential Opt-In Plaintiffs:

> All current and former home health workers employed by Defendant at any time since August 25, 2014, who were paid, in-part, on a fee-per-visit basis.

19. Plaintiff desires to pursue her claims on behalf of all individuals who opt into this action pursuant to 29 U.S.C. § 216(b).

20. Plaintiff and the potential Opt-In Plaintiffs are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, among other things, Defendant did not pay Plaintiff or the potential Opt-In Plaintiffs proper overtime when they worked more than 40 hours in a week.

## FIRST CAUSE OF ACTION
### (Failure to Pay Overtime in Violation of the Fair Labor Standards Act)

21. All previous paragraphs are incorporated as though fully set forth herein.

22. Plaintiff and those she seeks to represent pursuant to 29 U.S.C. § 216(b) are employees of Defendant who are entitled to the FLSA's protections.

23. Defendant is an employer covered by the FLSA.

24. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay. *See* 29 U.S.C. § 207.

25. Defendant violated the FLSA by failing to pay overtime premium compensation to Plaintiff and similarly situated home health employees.

26. In violation of the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential Opt-In Plaintiffs;

C. A declaration that Defendant violated the FLSA;

D. A judgment against Defendant and in favor of Plaintiff and those she seeks to represent for compensation for all unpaid and underpaid wages that Defendant failed and refused to pay in violation of the FLSA;

E. A finding that Defendant's wage and hour violations were willful;

F. Liquidated damages to the fullest extent permitted under the FLSA;

G. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and,

H. Such other and further relief as this Court deems just and proper.

Date: August 25, 2017

Respectfully submitted,

/s/ *Michael J. Moore*
**MICHAEL J. MOORE**
Georgia Bar No. 520109
POPE MCGLAMRY, P.C.
3391 Peachtree Road, Suite 300
Atlanta, GA  30326
(404) 523-7706
Fax (404) 524-1648
michaelmoore@pmkm.com

**JERRY E. MARTIN\***
Tennessee Bar No. 20193
**JOSHUA A. FRANK\***
Tennessee Bar No. 33294
BARRETT JOHNSTON
MARTIN & GARRISON LLC
414 Union Street, Suite 900
Nashville, TN  37219
jmartin@barrettjohnston.com
jfrank@barrettjohnston.com
(615) 244-2202
Fax (615) 252-3798

\* *Pro Hac Vice* Motions Anticipated

**PETER WINEBRAKE**\*
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA  19025
(215) 884-2491
Fax (215) 884-2492
pwinebrake@winebrakelaw.com

\* *Pro Hac Vice* Motion Anticipated

*Attorneys for Plaintiff*