UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ADRIANNE BOWDEN, on behalf of Herself and All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 7:17-cv-00143-HL |
| GHHS Healthcare, LLC, d/b/a GEORGIA HOME HEALTH SERVICES, | ) ) ) ) | |
| Defendant. | ) | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff Adrianne Bowden, on behalf of herself and others similarly situated ("Plaintiffs"),

and Defendant GHHS Healthcare, LLC, ("Defendant," collectively with Plaintiffs, the "Parties")

jointly move for this Court to approve the Parties' settlement and settlement agreement. This

motion is based upon the Settlement Agreement and Release ("Settlement Agreement") attached

as Exhibit A and all the files, records, and proceedings herein. The Parties agree that the settlement

set forth in the Settlement Agreement is fair and reasonable and that no hearing before the Court

is needed or requested.

**I.      Factual Background**

On August 25, 2017, Adrianne Bowden filed a Complaint against Defendant alleging that

herself and those similarly situated to her were not paid in accordance with the Fair Labor

Standards Act ("FLSA"). Since the filing of the Complaint, three additional individuals have filed

forms whereby they consented to participating in the Lawsuit: Debra Broadwell, Frances Carter,

and June Cooke. Plaintiffs attempted to conditionally certify the class, but the Court has deferred

1

ruling so far. That said, Defendants deny liability under the FLSA and deny that this action can be properly heard as a collective action.

Still, during this deferment, settlement negotiations took place. And the Parties, who understand the facts and legal issues, reached a settlement to resolve the Plaintiffs' claims in their entirety. Because this settlement reflects a reasonable compromise of the Parties' disputed issues and any actual or potential claims, the Parties now seek Court approval.

## II.   Memorandum of Law in Support of the Motion

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

When parties bring a proposed settlement of an FLSA claim before a court, the Court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether a settlement is fair and reasonable, courts have considered factors such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575 (M.D. Fla. March 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *King*, 2007 WL 737575, *3 quoting *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977)).  Moreover, "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *King,* 2007 WL 737575, at *3 (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995) (other internal citations omitted)).

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

**III.    Analysis**

Plaintiff collectively alleged that they were not compensated for all hours worked at the appropriate overtime rate. But Defendant disputed these contentions. The Parties briefly litigated this case and then engaged in arms-length settlement negotiations. These private negotiations yielded an agreeable resolution. (*See* Settlement Agreement; Exhibit A).

In terms of fairness of the Settlement Agreement, Plaintiffs' probability of success was uncertain, and even if Plaintiffs had succeeded in showing liability, the amount of damages was also uncertain. To this end, settling this action in favor of certainty was a fair and reasonable decision. The Parties have worked together to reach a settlement that adequately compensates Plaintiffs for their alleged unpaid wages, damages, and for their attorneys' fees and costs. The settlement is thus a fair and reasonable resolution of a bona fide dispute. In addition, the Parties believe that the certainty of settlement is better than the uncertain outcome of protracted litigation.

### IV.    <u>No Admission of Liability</u>

The Parties are settling disputed claims. This settlement is a compromise of these claims. Defendant expressly denies any liability. And this settlement should not be construed as an admission of liability by Defendant.

Accordingly, the Parties pray that this Court will enter the attached Order approving the settlement.

Respectfully submitted this 19th day of July 2018.

**GORDON REES**
**SCULLY MANSUKHANI, LLP**

*/s/ Chad A. Shultz by JEM w/ permission*
Chad A. Shultz
Georgia Bar No. 644440
Jeffrey M. Putnam
Georgia Bar No. 144469
3455 Peachtree Road NE
Suite 1500
Atlanta, GA 30326
cshultz@grsm.com
jputnam@grsm.com
404.978.7325
*Counsel for Defendant*

/s/ Jerry E. Martin
**JERRY E. MARTIN**
Tennessee Bar No. 20193
*(with permission)*
**JOSHUA A. FRANK**
Tennessee Bar No. 33294
BARRETT JOHNSTON MARTIN & GARRISON
LLC
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
jmartin@barrettjohnston.com
jfrank@barrettjohnston.com


/s/ Michael J. Moore by JEM w/ permission
**MICHAEL J. MOORE**
Georgia Bar No. 520109
*(with permission)*
POPE MCGLAMRY, P.C.
3391 Peachtree Road, Suite 300
Atlanta, GA 30326
Telephone: (404) 523-7706
michaelmoore@pmkm.com


/s/ Peter Winebrake by JEM w/ permission
**PETER WINEBRAKE**
WINEBRAKE & SANTILLO, LLC
*(with permission)*
715 Twining Road, Suite 211
Dresher, PA 19025
Telephone: (215) 884-2491
Facsimile: (215) 884-2492
pwinebrake@winebrakelaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this *Joint Motion for Approval of Settlement Agreement* was filed electronically with the Clerk's office by using the CM/ECF system and served electronically upon the parties as indicated below through the Court's ECF system on July 19, 2018:

Chad A. Shultz
Jeffrey M. Putnam
3455 Peachtree Road NE
Suite 1500
Atlanta, GA 30326

*Counsel for Defendant*

/s/ Jerry E. Martin
JERRY E. MARTIN
**BARRETT JOHNSTON**
**MARTIN & GARRISON, LLC**